IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK ACOSTA                    *
                               *
v.                             *    Civil Action No. WMN-14-515
                               *
A&G MANAGEMENT CO., INC.       *
et al.                         *
                               *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM

Proceeding pro se, Plaintiff filed this action in the
Circuit Court for Baltimore City, Maryland, on or about January
17, 2014, against his landlord, Defendant A&G Management Co.,
Inc. (A&G), and several Individual Defendants - Merton Cohen,
Danielle Fowlkes, Linda Berlow, and Ned Kodeck – who he
identifies in his Complaint as agents and servants of A&G.
Plaintiff, asserting that he is permanently disabled, alleges
that Defendants have failed to accommodate his disability in a
variety of ways, and have harassed him and acted unlawfully in
the manner in which they have collected or attempted to collect
his rent.  In addition to state law claims for breach of
contract, libel, slander, and defamation, Plaintiff alleges
violations of the federal Fair Housing Act (FHA), 42 U.S.C. §
3601 et seq., and Fair Debt Collection Practices Act (FDCPA), 15
U.S.C. § 1692 et seq.

Defendants removed the action to this Court on February 21, 2014, and filed a motion to dismiss, ECF No. 7, shortly thereafter. In addition to challenging the viability of Plaintiff's causes of action, Defendants argue that the Complaint must be dismissed because they were never properly served with the summonses and Complaint. Plaintiff has responded to the motion and Defendants have filed a reply. Upon review of the filings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion must be granted in part, the federal claims be dismissed, and the case be remanded to the state court.

As an initial matter, there is no question that service was improper. In attempting service, Plaintiff had copies of the summonses and Complaint left for each Defendant with a receptionist at the law offices of the attorneys that are now representing Defendants. Thus, contrary to the Maryland Rules, the Individual Defendants were not personally served and the corporate defendant, A&G, was not served through its resident agent, president, secretary, or treasurer. See Md. Rule 2-124(b), (d). When a case is removed to federal court from a state court and service is found to have been improper, the remedy, however, is not dismissal. Instead, under 28 U.S.C. § 1448, in cases where "service has not been perfected prior to removal, or in which process served proves to be defective, such

2

process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." See also Rice v. Alpha Security, Inc., Civ. No. 13-1644, 2014 WL 703760 (D. Md. Feb. 25, 2014) (holding that "although original service of process was defective, [the plaintiff] is entitled to the opportunity to cure the defect in federal court post-removal"). In this instance, the Court will not permit Plaintiff to attempt to perfect service here because the Court also concludes that the Complaint fails to state any federal cause of action and the state law claims should be remanded to state court.

In order to assert a claim for failure to provide a reasonable accommodation under the FHA, a plaintiff must plead facts showing that the requested accommodation was "(1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing." Bryant Woods Inn, Inc. v. Howard County, Md., 124 F.3d 597, 603 (4th Cir. 1997). A "reasonable" accommodation is one that is "both efficacious and proportional to the costs to implement it." Matarese v. Archstone Pentagon City, 761 F. Supp. 2d 346, 364 (E.D. Va. 2011). A "necessary" accommodation is one that is directly linked to the equal opportunity to be provided to the disabled person; "if the proposed accommodation provides no direct amelioration of a disability's effect, it cannot be said to be

'necessary.'" Bryant Woods Inn, Inc., 124 F.3d at 604. Finally
and most significantly in this action, the FHA only requires
that disabled persons have equal opportunities in housing.
Therefore, "not every practice that creates a general
inconvenience or burden on the person with a handicap needs to
be modified." Matarese, 761 F. Supp. 2d at 364.

In support of his FHA claim, Plaintiff alleges that
Defendants violated the FHA by (1) "failing to let the plaintiff
pay the rent on the second Wednesday of each month," (2)
"refus[ing] to offer the plaintiff a long term lease which
created a financial hardship on the plaintiff," and (3)
"fail[ing] to offer a reduced rent" for units in the apartment
complex in which plaintiff resides while offering a reduced rent
for similar apartment complexes owned by A&G in the same
geographical area. Compl. at Count Two. Plaintiff, however,
does not allege that these actions were taken because of his
disability, nor does he allege that individuals outside his
protected class were provided different rental terms than he.
The allegations in the Complaint establish no connection
whatsoever between Plaintiff's disability and the requested
"accommodations" and, therefore, the FHA claim must be
dismissed.

To establish a claim for violation of the FDCPA, a
plaintiff must show that 1) the plaintiff has been the object of

debt collection stemming from consumer debt; 2) the defendant is a third-party debt collector or has represented itself as a third-party while collecting debt from the plaintiff, and; 3) the defendant engaged in practices violating the FDCPA.  Harper v. Mfr.'s & Trust Co., Civ. No. 10-593, 2011 WL 768845 (D. Md. Feb. 28, 2011).  A "debt collector" is defined as any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A creditor and its employees who, in the process of debt collection, have not represented themselves to the debtor as a third-party are not subject to the FDCPA.  See Jones v. Baugher, 689 F. Supp. 2d 825, 833–34 (W.D. Va. 2010) (granting judgment for defendants on the plaintiff's FDCPA complaint because Defendants neither: 1) used a third-party debt collector nor; 2) represented themselves as a third party in the course of debt collection).

The gravamen of the Complaint appears to be that Defendants are attempting to collect delinquent rent that they allege Plaintiff owes A&G.  In addition, Plaintiff alleges that the Maryland District Court for Anne Arundel County has already ruled in his favor concerning the rent dispute between these parties.  Compl. at Count One.  While the Complaint also asserts that Defendants "threatened to deduct the amount allegedly owed from the rent for a water bill allegedly owed to a utility

company named NWP," id. at Count Four, the inclusion of what the Court assumes to be a utility charge that is a part of the rent allegedly owed A&G would not, without more specific allegations, convert Defendants' status to that of "debt collectors" under the FDCPA.  The Complaint, as it now stands, fails to state a viable claim for violation of the FDCPA.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that under "plausibility standard" a complaint must contain "more than labels and conclusions"); Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (holding that for a claim to have facial plausibility, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

With the dismissal of the two federal claims, the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction").  The Court notes that this result appears to be consistent with Plaintiff's inclinations going forward.  See Pl.'s Opp'n at 3 (offering that, if the Court "feels there is some meritorious reason to dismiss the case due to a technicality," he would "voluntarily dismiss all federal counts

without prejudice and remand the case back to the circuit court to hear the harassment and punitive and breach of contract counts").[1]

A separate order consistent with this Memorandum will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


Dated: March 25, 2014

---

[1] In their Reply, Defendants suggest that Plaintiff's state law claims are all dependent on his federal claims.  ECF No. 14 at 5.  While there may be overlap, there may also be some elements of Plaintiff's breach of contract, libel, slander, and defamation claims that are independent of his federal claims. The Court assumes that Plaintiff's reference to "harassment" simply relates to his libel, slander, and defamation claim.